WILLIAM MOSELEY *v.* STATE OF MISSISSIPPI.

[41 South. Rep., 384.]

1. CRIMINAL LAW. *Homicide. Previous conduct. Instruction.*

On the trial of a homicide a state's instruction excluding the conduct of the parties shortly preceding the fatal encounter from the consideration of the jury is erroneous where such conduct characterized the subsequent acts of the parties at the time of the killing.

2. SAME. *Evidence. Character and habits of decedent.*

Where, in such case, the defense was self-defense, and there was evidence tending to show that decedent was under the influence of cocaine, and that defendant knew decedent's character, it was error not to permit defendant to show that decedent was dangerous when under the influence of that drug.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Moseley, the appellant, a negro, was indicted and tried for the murder of Alfred Williams, also a negro; was convicted, and sentenced to the penitientiary for life, and appealed to the supreme court.

The appellant claimed to have shot Williams in self-defense. About fifteen minutes before the shooting, appellant, in company with several others, was at the house of Harriet Taylor; Williams came there, and immediately began cursing appellant, who made no reply; Williams then, turning his front pockets and his right hip pocket, patted his left hip pocket, in which the outlines of an object about the size of a pistol could be seen, and stated in a loud voice that he would not show the contents of that pocket to any one; appellant thereupon left the house and went to his store, in his near by dwelling house. Williams followed appellant to the store, entering it immediately after him, and continued to direct insulting and abusive language to him,

although several other persons were present.   There was a con-
flict in the testimony about what happened in the store.   Most
of the witnesses testified that appellant, retreating behind the
counter, ordered Williams to leave the store, when Williams
advanced upon him, cursing him, beating upon the counter
with one hand, and reaching with the other towards his
hip pocket, as if for a weapon.   Appellant thereupon
snatched a pistol from under the store counter and shot
Williams, and upon the trial testified that when he did so he was
in great fear of his life; that he recalled the language and
threatening demonstration of Williams at the house of Harriet
Taylor a short while before, and shot in self-defense.

Appellant offered evidence to show the general reputation of
the deceased for violence, and further proved that the deceased
was under the influence of cocaine at the time of the killing, but
was not allowed to prove the character of the deceased when
under the influence of the drug.   Appellant excepted to this
ruling, and, the jury having been excluded, proved by many
witnesses and many particular instances, that decedent was
dangerous and irresponsible when under the influence . of
cocaine.   This was not, however, allowed to go to the jury, and
the appellant excepted.

Over the objection of appellant the court granted the sixth
instruction to the state, referred to in the opinion, and being in
the following language:

"No. 6.   The court instructs the jury that if you believe
from the evidence beyond a reasonable doubt that Moseley wil-
fully and deliberately shot and killed Alfred Williams, and that
at the time of the shooting Alfred had done nothing to Moseley
but curse and swear at him, and had been guilty of no act or
conduct which was reasonably calculated to have aroused the
fears or apprehension of Moseley for his own life or person
at the hands of Alfred, then Moseley is guilty of murder, and the
jury should so find, however much afraid they may believe

Moseley was of Alfred, or however much reason they may believe Moseley might have had for such fears or apprehensions on account of Alfred's conduct previous to the time of the killing."

*Campbell & Campbell,* and *Henry, Barbour & Henry,* for appellant.

The defense in this case was that appellant shot to protect himself from imminent danger. The undisputed testimony showed that the deceased was a man of unusual size and strength, quarrelsome when sober, and absolutely dangerous when drunk or when under the influence of cocaine. On the other hand, the appellant was quiet in nature, of good reputation in the community, and was upon his own property, in his own store, where he had the best right in the world to be, at the time the deceased brought his death upon himself.

The very first appearance of the deceased upon the scene in this tragedy was accompanied by uncalled-for and abusive language upon his part toward appellant. Without being even spoken to by any one when he first came in upon appellant and the others at the house of Harriet Taylor, he made demonstrations which showed that he was seeking to intimidate appellant. It appeared to every one present at this house that the deceased had in his hip pocket either a pistol or a large knife. The language of the deceased indicated that he had a deadly weapon in this pocket. When appellant, to avoid trouble, left and went to his own store, located in a room of his home, the deceased followed him. When he continued his abusive language toward appellant, appellant ordered him to stop. And it was not until after appellant had ordered the deceased from the store, and the deceased had refused, and was advancing upon appellant in a threatening manner that appellant retreated behind the counter and shot the intruder. Certainly these facts did not show malicious intent to kill upon the part of the appellant.

We submit that it was error in the court below not to permit the appellant to show that the deceased was dangerous when

under the influence of cocaine. It was because of appellant's knowledge of the dangerous character of the deceased when under the influence of the drug, that appellant shot the deceased. It was prejudicial to appellant's interests for this not to have been shown in evidence before the jury. *King* v. *State,* 65 Miss., 576 (s.c., 5 South. Rep., 97).

It was also error in the court below to grant the sixth instruction under the undisputed evidence in this case. The latter part of the instruction excluded consideration by the jury of all of the events which occurred at the house of Harriet Taylor.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The action of the court below in refusing to permit appellant to prove the effect of cocaine on the deceased, presents a very close question. It will be seen that appellant was allowed to show in evidence the general reputation of the deceased for peace or violence. The court further permitted testimony as to whether deceased was under the influence of cocaine at the time of the homicide, and permitted evidence as to the conduct and manner of the deceased at the time of the killing. It is manifest that the evidence excluded by the court would not be competent unless the appellant had shown that at the time of the homicide the deceased was under the influence of cocaine. For evidence of the special character of deceased under special conditions could not be competent unless these special conditions existed at the time of the killing. Now, in the present case, this evidence is weak, if indeed there is any evidence. It rests solely upon the opinion of the physician who saw deceased just after the shooting, that deceased, when the physician say him, seemed to be insensible to pain. Insensibilty to pain does not conclusively show that a drug had been used, much less that particular drug. One witness who was introduced by appellant stated that while deceased seemed to have been drinking, yet he was not drunk. The woman, Harriet Taylor, an important witness for appellant, stated that deceased was not drunk when at her house,

and that she did not think he was "full" either of whiskey or cocaine. If the court thinks that the proof failed to show that deceased, when shot, was under the influence of cocaine, the exclusion of the testimony was not error.

It is the settled law of this state that reputation cannot be proven by particular acts. *Kearney* v. *State*, 68 Miss., 233 (s.c., 8 South. Rep., 292). This is a rule so universally recognized that extended citation of authorities would be idle. In *King* v. *State*, 65 Miss., 576 (s.c., 5 South. Rep., 97), cited by opposing counsel, the court held that testimony to show that deceased was in the habit of carrying arms could be introduced, but only when such fact was known to the defendant. It is submitted that the appellant has not fully shown that he knew of the character and reputation of the deceased, at the time of the killing. *State* v. *Kennady*, 121 Mo., 405; *Reynolds* v. *People*, 17 Abb. Proc., 413; *Commonwealth* v. *Straisser*, 153 Pa., 451. Candor, however, compels me to state that there is authority for the proposition that the general reputation of the deceased is presumed to be known to appellant. *Harrison* v. *Commonwealth*, 79 Va., 374; *Trabune* v. *Commonwealth*, 13 Ky. L. Rep., 343. Nor am I prepared to say that the character of the deceased when intoxicated, as distinguished from such character when sober, is not a proper subject of inquiry. *State* v. *Baird*, 118 Ia., 474.

The sixth instruction for the state is admittedly unfortunate in the phraseology of the concluding clause. The last expression therein is inconsistent with the prior part of the charge. This court may, however, find that the other instructions given to the appellant possibly cure any error in this instruction.

CALHOON, J., delievered the opinion of the court.

The fierce and violent conduct of the deceased at the house of Harriet Taylor, especially directed at the accused, and with no sort of provocation; the fact that the accused left there and

went to his storehouse, which was also his home, in order to avoid trouble with the deceased; the fact that the deceased followed him; and the fact of the hostile and deadly significance of the demonstration of the deceased towards the accused at the very time of the killng—all as testified to on behalf of the accused, made it error to give the sixth instruction for the state. The concluding sentence of it excludes consideration by the jury of all that occurred at Harriet Taylor's just preceding the killing, and, in truth, of the actions at the store. It is not possible for a jury to put itself in the place of the accused, and feel as he did, without a view of these matters; occurrences too closely interwoven to allow of separation in determining whether or not the accused shot in self-defense from the lights before him.

We adopt the conclusion of those authorities which hold that testimony is admissible of the character of the deceased when under the influence of cocaine. A man may be peaceable and quiet when sober, but a terror when affected by cocaine. There was testimony offered to show this, and it is shown that defendant knew his character, and there is testimony sufficiently tending to show that deceased was under the influence of the stimulant to give Moseley the right to such testimony.

We agree with the trial court, however, that particular instances of violence in other cases are not admissible.

*Reversed and remanded.*